[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
JULY 25, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10100
Non-Argument Calendar

_____

D. C. Docket No. 00-00959-CV-J-20-MCR

ROBERT PAUL JOHNSON, as parent and
natural guardian of Courtney Johnson and
Alisha Johnson, their minor children,
SYLVIA SELENA JOHNSON, his wife, individually,
and as parent and natural guardian of Courtney
Johnson and Alisha Johnson, their minor children,

Plaintiffs-Appellants,

versus

KEOHRING CRANES, INC.,
a Delaware Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 25, 2005)

Before CARNES, MARCUS and COX, Circuit Judges.

PER CURIAM:

Plaintiffs, Robert Paul Johnson, et al., appeal the judgment of the district court, contending that the district court erred in granting Defendant Koehring Cranes, Inc.'s motion for summary judgment. More specifically, Plaintiffs contend that the Defendant is liable for the injuries Johnson sustained in a construction accident because Koehring's crane was designed for use with a non-load-bearing safety latch.

We agree with the district court that Plaintiffs have not presented any genuine issue of material fact as to whether Defendant's crane had any defect that rendered it unreasonably dangerous. Having reviewed the record, we agree that no reasonable jury could find any design defect based on the fact that the spring latch was not load-bearing. Plaintiff's strict liability claim against Defendant was therefore properly dismissed. *See Norton v. Snapper Power Equip.*, 806 F.2d 1545, 1548 (11th Cir. 1987). Because failure to prove any design defect is also fatal to a products liability negligence claim, we further agree with the district court that Plaintiffs' negligence claim also should be dismissed. *See Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 344 F.3d 1136, 1146 (11th Cir. 2003); *Marzullo v. Crossman Corp.*, 289 F. Supp. 2d 1337, 1342 (M.D. Fla. 2003). The judgment of the district court is, therefore,

**AFFIRMED.**